The majority was correct in concluding that plaintiff's employment with defendant-employer caused or significantly contributed to the development of his partial rotator cuff injury and tendinopathy, each an occupational disease, and that plaintiff's job put him at an increased risk of developing these conditions as compared to the general public. However, I disagree with the majority's conclusion that plaintiff has failed to prove continuing disability because he has not made an effort to find suitable employment, and that it would not be futile for plaintiff to search for employment.
As the majority cited to in Demery v. Perdue Farms, Inc.,143 N.C. App. 259, 545 S.E.2d, 485, aff'd per curiam, 354 N.C. 355,554 S.E.2d 337 (2001), when an employee meets his burden of showing disability, the burden then shifts to defendants to produce evidence that suitable jobs are available for the employee and that the employee is capable of obtaining a suitable job, taking into account both physical and vocational limitations. Id. However, defendants offered no evidence that there was work available in the local labor market that plaintiff could obtain.
Further, Demery also provides that one of the factors the Commission should consider in determining disability is evidence of preexisting conditions (such as age, inexperience, or lack of education) that may cause plaintiff's attempt to find employment to be futile. Id. at 265, 489.
In the present case, Dr. Frederick Benedict, testified that plaintiff "probably" could do some light-duty work with no overhead lifting of more than five pounds. Yet, the evidence of record establishes that plaintiff has worked for over 18 years as a cook or chef and knows no other line of work. Such work requires overhead lifting, reaching, and repetitive motions, which would all be outside the scope of plaintiff's restrictions. Given plaintiff's light-duty restrictions, it may be difficult, if not futile, for plaintiff to find suitable employment in the only line of work that he knows.
In light of Demery, the majority erred in failing to find that given plaintiff's physical and vocational limitations, his lack of employable skills outside the food industry, and the lack of evidence regarding available jobs in plaintiff's local labor market, it would be futile for plaintiff to attempt to seek other employment. Consequently, the majority erred in failing to award plaintiff continuing disability. For these reasons, I respectfully dissent.
This 15th day of August 2005.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER